UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIRST HOME BANK,

  Plaintiff,

v.          Case No. 8:17-cv-776-T-33TGW

TFP TAX & FINANCIAL SERVICES, LLC,
and GREGORY C. WASHINGTON, II,

  Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff First Home Bank's Motion for Default Final Judgment (Doc. # 23), which was filed on August 18, 2017. In the Motion, First Home Bank requests a default final judgment against Defendant TFP Tax & Financial Services, LLC in the amount of $160,670.70 as of August 16, 2017, plus interest of $28.27 per day, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the reasons stated at the hearing held on August 24, 2017, and the reasons that follow, the Court grants the Motion to the extent that it directs the Clerk to enter a Judgment in favor of First Home Bank in the total amount of $160,925.11.

**I. Legal Standard**

Federal Rule of Civil Procedure 55(a) sets forth the

following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. Analysis

First Home Bank filed a complaint on April 3, 2017 against TFP Tax and Washington. (Doc. # 1). TFP Tax was

properly served on April 19, 2017, and proof of service was filed with the Court on May 16, 2017. (Doc. # 11). Proof of service has never been filed as to Washington, despite an extension of time for service being granted. (Doc. # 19). On August 8, 2017, the Court ordered the Clerk to terminate this action as to Washington for failure to file proof of service. (Doc. # 21). On August 9, 2017, it was so terminated.

TFP Tax failed to file an answer or responsive pleading by May 10, 2017, which was the time allowed by Federal Rule of Civil Procedure 12. First Home Bank applied for an entry of default as to TFP Tax on May 16, 2017. (Doc. # 12). The Clerk entered that default on May 17, 2017. (Doc. # 13).

Based upon the Clerk's Default and the well-pled factual allegations contained in the Complaint, First Home Bank has established that TFP Tax has defaulted on a promissory note with an original principal amount of $150,000.00. And, based on the evidentiary hearing held on August 24, 2017, and the affidavits and their attachments provided by First Home Bank, the Court finds sufficient evidence in the record to calculate damages as follows:

- unpaid principal of $147,394.98,
- prejudgment interest of $7,998.71 from November 1, 2016

- to August 25, 2017,
- late fees of $768.83,
- attorneys' fees of $3,800.00, and
- costs of $962.59,

for a total debt of $160,925.11.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) First Home Bank's Motion for Entry of Default Final Judgment (Doc. # 23) is **GRANTED**.

(2) First Home Bank shall tender the original promissory note to the Clerk.

(3) Upon receipt of the original Promissory Note, the Clerk is directed to enter judgment for First Home Bank against TFP Tax & Financial Services, LLC on Count I in the amount of **$160,925.11** (consisting of the above-described sums). The Judgment shall bear interest at the rate prescribed by 28 U.S.C. § 1961.

(3) After entry of Judgment, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of August, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE